## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | |
|---|---|
| CHOICE HOTELS INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SHAKTI KRUPA, INC. and NIRAJA SHETH a/k/a NICK SHETH, <br><br> Defendants. | CIVIL ACTION NO. <br> _____ |

## COMPLAINT

**COMES NOW** the Plaintiff, Choice Hotels International, Inc., by and through its legal counsel, and in support of its Complaint against Defendants Shakti Krupa, Inc. and Niraj Sheth a/k/a Nick Sheth (the "Named Defendants") does hereby allege and aver:

### Parties

1. Plaintiff, Choice Hotels International, Inc. is a Delaware corporation, licensed to conduct business in the State of Georgia, having a principal place of business at 1 Choice Hotels Circle, Suite 400, Rockville, Maryland 20850.

2.     Upon information and belief, Defendant Shakti Krupa, Inc. is corporation organized under the laws of the State of Georgia, having a principal office address at 2007 Tampico Way, Dalton, Georgia 30720.

3.     Upon information and belief, Defendant Niraj Sheth a/k/a Nick Sheth is a natural person who regularly conducts business in this State and District, by, *inter alia*, engaging in the provision of hotel-motel services at 2007 Tampico Way, Dalton, Georgia 30720.

## Jurisdiction and Venue

4.     This Court has both diversity and federal question jurisdiction over this case.

5.     This Court has diversity jurisdiction in this matter pursuant to 28 U.S.C. §1332(a) because the amount in controversy exceeds $75,000.00 and the parties are citizens of different States.

6.     This Court has original federal question jurisdiction over the Lanham Act claims in this action pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1331, 1338(a).

7.     This Court has original jurisdiction in this case pursuant to 28 U.S.C. §1338(b) because this civil action asserts a claim of unfair competition joined with a substantial and related claim under the trademark laws.

8.     This Court has supplemental jurisdiction over the state and common law claims in this action pursuant to 28 U.S.C. §1367(a) because those claims are so related to the Lanham Act claims so as to form part of the same case or controversy under Article III of the United States Constitution.

9.     Upon information and belief, each of the Named Defendants has sufficient contacts with this state and district such that this Court's exercise of personal jurisdiction over them comports with traditional notions of fair play and substantial justice.

10.    Venue is proper in this Court pursuant to 28 U.S.C. §1391.

### Choice Hotels and the ECONO LODGE Family of Marks

11.    Choice Hotels International, Inc. (hereinafter, "Choice Hotels") is in the business of franchising hotels.

12.    Choice Hotels can trace its roots to the 1930s when it was comprised of a small chain of roadside hotels.

13.    Since that time, Choice Hotels has grown to become one of the largest and most successful lodging franchisors in the world.

14.    Choice Hotels is now a publically traded company with 6,000 franchised hotels.

15.  Choice Hotels offers high value, mid-priced, hotel and motel and services under such well-known brands as CAMBRIA SUITES®, COMFORT INN®, COMFORT SUITES®, QUALITY®, SLEEP INN®, CLARION®, MAINSTAY SUITES®, SUBURBAN EXTENDED STAY HOTEL®, ECONO LODGE®, and RODEWAY INN®.

16.  Choice Hotels and/or its predecessor in interest has been offering lodging services under a family of ECONO LODGE marks since at least as early as 1965.

17.  Choice Hotels is the owner of several United States Trademark Registrations for its ECONO LODGE family of marks.

18.  Choice Hotels is the owner of United States Trademark Registration No. 813,642 (hereinafter, "the '642 Registration") for the mark ECONO LODGE for use in connection with the provision of motel services. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 1.

19.  Choice Hotels is the owner of United States Trademark Registration No. 1,799,814 (hereinafter, "the '814 Registration") for the mark ECONO LODGE + Design for use in connection with the provision of hotel and motel services; and hotel and motel reservation services. A true and

correct copy of the Certificate of Registration is attached hereto as Exhibit 2.

20. The '814 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

21. Choice Hotels is the owner of United States Trademark Registration No. 2,178,518 (hereinafter, "the '518 Registration") for the mark ECONO LODGE for use in connection with the provision of hotel and motel services and for use in connection with rendering technical assistance in the establishment and/or operation of hotels and motels. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 3.

22. The '518 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

23. Choice Hotels is the owner of United States Trademark Registration No. 2,878,530 (hereinafter, "the '530 Registration") for the mark ECONO LODGE INN & SUITES for use in connection with the provision of hotel and motel services. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 4.

24.     The '530 Registration has become incontestable under Section 15 of the Lanham Act, 15 U.S.C. §1065.

25.     Choice Hotels is the owner of United States Trademark Registration No. 3,489,688 (hereinafter, "the '688 Registration") for the mark E ECONO LODGE + Design for use in connection with the provision of hotel and motel services, hotel and motel reservation services for others, and online hotel and motel reservation services for others. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 5.

26.     Choice Hotels is the owner of United States Trademark Registration No. 3,522,065 (hereinafter, "the '065 Registration") for the mark E ECONO LODGE + Design for use in connection with the provision of hotel and motel services, hotel and motel reservation services for others, and online hotel and motel reservation services for others. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 6.

27.     Choice Hotels is the owner of United States Trademark Registration No. 3,522,067 (hereinafter, "the '067 Registration") for the mark E ECONO LODGE INN & SUITES + Design for use in connection with the provision of hotel and motel services, hotel and motel reservation services for others, and online hotel and motel reservation services for

others. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 7.

28. Choice Hotels is the owner of United States Trademark Registration No. 3,522,199 (hereinafter, "the '199 Registration") for the mark E ECONO LODGE INN & SUITES + Design for use in connection with the provision of hotel and motel services, hotel and motel reservation services for others, and online hotel and motel reservation services for others. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 8.

29. Since the inception of their use, the service marks described in paragraphs 18-28 above (hereinafter, collectively, "the ECONO LODGE family of marks"), have been used by Choice Hotels, its predecessors and franchisees only in connection with the provision of the highest value hotel and motel services.

30. Each registration identified in paragraphs 18-28 above remains active, valid and enforceable.

31. Choice Hotels has invested, and continues to invest, significant resources in the development, promotion and protection of the ECONO LODGE family of marks.

32.    As a result of its concerted branding efforts, the marks in the ECONO LODGE family of marks have become widely associated, in the minds of the consuming and general public, with the goods and services offered by Choice Hotels.

33.    The marks in the ECONO LODGE family of marks are indicative to both the trade industry and consumers that items bearing, or services offered under, the ECONO LODGE marks originate from, or are sponsored or approved by, Choice Hotels, and constitute genuine and authentic Choice Hotels goods and services.

34.    On or about December 30, 2010, Choice Hotels entered into a Franchise Agreement with Shakti Krupa, Inc. and Niraj Sheth a/k/a Nick Sheth (hereinafter, collectively, "Shakti Krupa") which permitted Shakti Krupa to operate an ECONO LODGE hotel franchise at 2007 Tampico Way, Dalton, Georgia 30720 (hereinafter, "the Subject Property").  A true and correct copy of the Franchise Agreement is attached hereto as Exhibit 9.

35.    The Franchise Agreement specifically licensed the ECONO LODGE family of marks to Shakti Krupa for so long as the Franchise Agreement remained in effect.

36.     Paragraph 11 of the Franchise Agreement provides that upon termination Shakti Krupa  must immediately discontinue use of the Brand Marks belonging to Choice Hotels.

37.     Prior to August 8, 2012, Shakti Krupa defaulted on its material obligations under the franchise agreement by (1) failing to pay its monthly franchise fees; (2) failing to pay its service charges; and (3) failing to pay travel agent commission fees.  Defendants further defaulted by failing to pay the fees due under the Technology Services Program Statement.

38.     The failure to pay the fees required by the ECONO LODGE Rules and Regulations and failure to meet the payment requirements of the Franchise Agreement constitute a default of Shakti Krupa's material obligations under the Franchise Agreement.

39.      On or about August 8, 2012, Choice Hotels issued a Notice of Default, via FEDEX delivery service, to Shakti Krupa articulating the areas of breach and offering Shakti Krupa the opportunity to take curative action to avoid termination of the Franchise Agreement.  A true and correct copy of the Notice of Default is attached hereto as Exhibit 10.

40.      Shakti Krupa was given ten days to cure the default.

41.    Shakti Krupa did not cure the default on or before the expiration of the ten-day deadline.

42.    On or about January 31, 2013, Choice Hotels issued a Notice of Termination, via FEDEX delivery service, to Shakti Krupa.  A true and correct copy of the Notice of Termination is attached hereto as Exhibit 11.

43.    The Notice of Termination was issued as a result of Shakti Krupa's failure to cure the August 8, 2012 default.

44.    The Notice of Termination instructed Shakti Krupa to immediately cease and desist use of any and all marks owned by Choice Hotels.  The Notice of Termination specifically instructed Defendants to remove any items that bear Choice Hotels marks including, but not limited to: DOT Signs, Billboards, Property Signage, Entrance Signage, Building Signage, Local Yellow Page Ad, Airport Advertising, Lobby Display/Backdrop, Owner's Plaque, Rate/Hotel Law Cards, Stationery/Guest and Office, Shower Curtains, Fire Evacuation Cards, Soap/Amenity Package, In-Room Organizers, Cups/Glasses, Van Signs, Folios, Name Tags, Ice Buckets, Guest Service Directory, Sani-Bags, Travel Directories, Ashtrays, Phone Plate, Info Caddy, Matches, Brochures, Rack Cards, Flyers, Guest Room

Door Signage, Do Not Disturb Cards, Wastebaskets, Sanitary Toilet Strips, Pad/Pencil/Pen, Guest Comment Cards, Manner in Which Phone is Answered,  Voice Mail and Domain Name.

45.  The Notice of Termination further informed Shakti Krupa that continued use of the ECONO LODGE family of marks would constitute trademark infringement and would be dealt with accordingly.

46.  The Notice of Termination further advised Shakti Krupa that, under the terms of the Franchise Agreement, Choice Hotels was entitled to $10,152.62 in franchise and related fees, $1,338.80 in travel agent commissions, and $82,800.00 in lost profits for the remaining term of the Franchise Agreement.  The Notice of Termination further advised Shakti Krupa, that as a result of the default and termination, the maturity date associated with its promissory note had been accelerated and the $5,659.03 balance was immediately due.

47.  The Notice of Termination demanded that Shakti Krupa tender full payment of $99,950.45 balance due and owning.  Choice further indicated that it would proceed with appropriate legal action if its demands were not met.

48.  Upon information and belief, Shakti Krupa did not comply with the requirements set forth in the Notice of Termination.

49.  Thereafter, Shakti Krupa continued to operate the Subject Property as an ECONO LODGE without the permission or approval of Choice Hotels.

50.  On or about March 15, 2013, Choice Hotels sent a letter, via certified mail, to Shakti Krupa regarding the unauthorized use of the ECONO LODGE family of marks at the Subject Property. A true and correct copy of the March 15, 2013 letter is attached hereto as Exhibit 12.

51.  The March 15, 2013 letter advised Shakti Krupa that its use of the ECONO LODGE family of marks was unauthorized. The letter specifically instructed Shakti Krupa to provide written and photographic evidence, no later than April 1, 2013, that it had completely discontinued use of the ECONO LODGE family of marks at the Subject Property. The letter further indicated that Choice Hotels would proceed with appropriate legal action if its demands were not met.

52.  Shakti Krupa did not comply with the requirements set forth in the March 15, 2013 letter.

53.  The March 15, 2013 letter was returned to Choice Hotels marked as "unclaimed" by the United States Postal Service.

54.   Thereafter, Choice Hotels discovered that Shakti Krupa continued to use the ECONO LODGE family of mark in, around, and in publicity for, the hotel located at the Subject Property.

55.   On or about April 29, 2013, a Choice Hotels field representative conducted a site inspection of the Subject Property and discovered that the ECONO LODGE family of marks was still in use.  True and correct copies of photographs taken by the Choice Hotels field representative on or about April 29, 2013 are attached hereto as Exhibits 13 and 14.

56.   At no time after January 31, 2013 was Shakti Krupa authorized to use any of the marks in the ECONO LODGE family of marks at the Subject Property.

57.   Notwithstanding, after January 31, 2013 Shakti Krupa continued to make extensive unauthorized use of the ECONO LODGE family of marks at the Subject Property.

58.   The continued unauthorized use of the ECONO LODGE family of marks by Shakti Krupa has irreparably damaged, and will continue to irreparably damage, the valuable good will associated with the ECONO LODGE family of marks.

**COUNT I**
**Infringement of Federally Registered Trademark**
**(15 U.S.C. §1114)**

59.    Paragraphs 1-58 are incorporated by reference herein as though set forth
in their entirety.

60.    Choice Hotels is the owner of a family of ECONO LODGE marks which
it uses in connection with the provision of hotel and motel services.
Included in that family of marks are at least the following United States
Trademark Registrations: the '642 Registration; the '814 Registration;
the '518 Registration; the '530 Registration; the '688 Registration; the
'065 Registration; the '067 Registration; and the '199 Registration.

61.    Choice Hotels licensed the ECONO LODGE family of marks to Shakti
Krupa as part of a Franchise Agreement.

62.    Upon information and belief, after termination of the Franchise
Agreement and its license, and despite receiving multiple notices
regarding said termination, Shakti Krupa continued to use the ECONO
LODGE family of marks, including one or more of the federally
registered marks identified in paragraph 60 above, in connection with the
provision of hotel and motel services at the Subject Property.

63.   Upon information and belief, Shakti Krupa had actual knowledge of the ECONO LODGE family of marks owned by Choice Hotels and, without the consent of Choice Hotels, knowingly and deliberately used in commerce, in connection with the provision of hotel and motel services marks which are likely to cause confusion, mistake, or deception in violation of Section 32(a) of the Lanham Act, 15 U.S.C. §1114(1).

64.   The acts of Shakti Krupa as described herein constitute infringement of one or more of Choice Hotels' federally registered trademarks.

65.   As a direct and proximate cause of the infringing acts of Shakti Krupa, Choice Hotels has been damaged in an amount to be determined at trial.

66.   Choice Hotels is entitled to injunctive relief under 15 U.S.C. §1116, and to recover its damages, the profits of Shakti Krupa, and the cost of the action under 15 U.S.C. §1117.

67.   The acts of Shakti Krupa as described herein warrant this case being designated as exceptional under 15 U.S.C. §1117 and the imposition of treble damages and attorneys' fees.

68.   The acts of Shakti Krupa as described herein have caused and will continue to cause serious irreparable injury to Choice Hotels and to the good will associated with the ECONO LODGE family of marks unless

restrained and enjoined by this Court. Choice Hotels has no adequate remedy at law.

## COUNT II
### Federal Unfair Competition – False Designation of Origin
### (15 U.S.C. §1125(a))

69. Paragraphs 1-68 are incorporated by reference herein as though set forth in their entirety.

70. Upon information and belief, Shakti Krupa had actual knowledge of the ECONO LODGE family of marks owned by Choice Hotels and, without the consent of Choice Hotels, knowingly and deliberately used in commerce, in connection with the provision of hotel and motel services marks which are likely to cause confusion, mistake, or deception in violation of Section 43(a) of the Lanham Act (15 U.S.C. §1125(a)).

71. Upon information and belief, Shakti Krupa used one or more of the marks in the ECONO LODGE family of marks in commerce in connection with the provision of hotel and motel services.

72. Such use constitutes a false designation of origin, and/or a false or misleading description and/or representation of fact which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association between Choice Hotels and Shakti Krupa, or

as to the origin, sponsorship, or approval of the services or commercial activities of Shakti Krupa by Choice Hotels.

73.  As a direct and proximate cause of the acts of Shakti Krupa as described herein, Choice Hotels has been damaged in an amount to be determined at trial.

74.  Choice Hotels is entitled to injunctive relief under 15 U.S.C. §1116, and to recover its damages, the profits of Shakti Krupa, and the cost of the action under 15 U.S.C. §1117.

75.  The acts of Shakti Krupa as described herein warrant this case being designated as exceptional under 15 U.S.C. §1117 and the imposition of treble damages and attorneys' fees.

76.  The acts of Shakti Krupa as described herein have caused and will continue to cause serious irreparable injury to Choice Hotels and to the good will associated with the ECONO LODGE family of marks unless restrained and enjoined by this Court. Choice Hotels has no adequate remedy at law.

## COUNT III
### Violation of Uniform Deceptive Trade Practices Act
### (O.C.G.A. §§10-1-371 *et seq.*)

77.   Paragraphs 1- 76 are incorporated by reference herein as though set forth in their entirety.

78.   The activities of Shakti Krupa as described herein constitute a violation of the Uniform Deceptive Trade Practices Act O.C.G.A. §10-1-372. Shakti Krupa has, inter alia, used a mark or marks in commerce in connection with the provision of hotel and motel services which are likely to create consumer confusion in the marketplace; passed off its goods or services as those of another; used a mark or marks in commerce that causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services; used a mark or marks in commerce that causes likelihood of confusion or of misunderstanding as to affiliation, connection, or association with or certification by another; represented that its services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have.

79.   Shakti Krupa has willfully engaged in the foregoing trade practices knowing them to be deceptive.  Accordingly, Choice Hotels is entitled to recover its attorneys' fees pursuant to O.C.G.A. §10-1-373(b)(2).

80.   The activities of Shakti Krupa as described herein were undertaken with the full knowledge of Choice Hotels' rights of the ECONO LODGE family of marks.

81.   The conduct of Shakti Krupa as described herein has injured Choice Hotels in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Choice Hotels for which there is no adequate remedy at law.  Choice Hotels will continue to be so damaged in the absence of relief from this Court.

**COUNT IV**
**Trademark Infringement / Unfair Competition**
**Georgia Common Law**

82.   Paragraphs 1- 81 are incorporated by reference herein as though set forth in their entirety.

83.   The activities of Shakti Krupa as described herein are unfair acts that have damaged the legitimate business of Choice Hotels; therefore those activities constitute unfair competition pursuant to the common law of Georgia.

84.    Shakti Krupa has used marks in commerce in connection with the provision of hotel and motel services which are likely to create consumer confusion in the marketplace; therefore those activities constitute trademark infringement under the common law of Georgia.

85.    The conduct of Shakti Krupa as described herein has injured Choice Hotels in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Choice Hotels for which there is no adequate remedy at law.   Choice Hotels will continue to be so damaged in the absence of relief from this Court.

**WHEREFORE**, Choice Hotels prays:

A.    That each of the Named Defendants, jointly and severally, their agents, servants, employees and attorneys and all those in active concert or participation with them, be permanently and forever enjoined from using any of the marks in the ECONO LODGE family of marks, including but not necessarily limited to, the marks appearing the '642 Registration; the '814 Registration; the '518 Registration; the '530 Registration; the '688 Registration; the '065 Registration; the '067 Registration; and the '199 Registration, or any mark confusingly similar thereto;

B.    That each of the Named Defendants, jointly and severally, be found liable for Federal Trademark Infringement and Federal Unfair Competition resulting from its use of one or more of the ECONO LODGE family of marks;

C.    That Choice Hotels be awarded judgment for damages against each of the Named Defendants, jointly and severally, resulting from violation of Section 32(a) of the Lanham Act (15 U.S.C. §1114) and 43(a) of the Lanham Act (15 U.S.C. §1125(a)) for Federal Trademark Infringement and Federal Unfair Competition, respectively, in an amount to be fixed by the Court which in its discretion it finds just, including:

    1)    all profits received by each Named Defendant from sales and revenues of any kind as a result of the actions complained of herein; and

    2)    all damages sustained by Choice Hotels as a result of each Named Defendant's acts of infringement and unfair competition, and that such damages be trebled; and

    3)    that, in light of the deliberate and willful actions of each Named Defendant this action be designated an exceptional case, thereby entitling Choice Hotels to an award of all reasonable attorneys'

fees, costs, and disbursements incurred by Choice Hotels as a result of this action, pursuant to 15 U.S.C. §1117, and that Choice Hotels be awarded such relief;

D.    That Choice Hotels be awarded its attorneys' fees pursuant to O.C.G.A. §10-1-373(b)(2);

E.    That Choice Hotels be awarded judgment for damages, in an amount to be determined at trial, against each of the Named Defendants, jointly and severally, resulting from their acts of unfair and deceptive trade practice in violation of O.C.G.A. §10-1-371 et esq.;

F.    That Choice Hotels be awarded judgment for damages, in an amount to be determined at trial, against each of the Named Defendants, jointly and severally, resulting from their common law trademark infringement and common law unfair competition;

G.    That this Court award any and all relief not here enumerated that this Court should deem just and equitable;

H.    That Choice Hotels be awarded the costs and attorneys' fees it incurs in this action; and

I.    That all triable issues be brought before a jury.

Respectfully submitted,

Dated:  August 14, 2013                    By: _/s/ John C. Amabile_____
                                                John C. Amabile
                                                Bar No. 014520
                                                SCHIFF HARDIN LLP
                                                One Atlantic Center, Suite 2300
                                                1201 West Peachtree Street
                                                Atlanta, GA  30309
                                                Telephone: (404) 437-7000
                                                Facsimile:  (404) 437-7100

                                                *Attorneys for Plaintiff*
                                                *Choice Hotels International, Inc.*